WILLIAM GARVIN AND OTHERS v. JOHN Q. A. ST. CLAIR.

It is not a good ground of demurrer, though specially assigned, that the petition
    misdescribes the date of the judgment sued on, an exemplification of which is
    filed with the petition and made a part thereof.
The 4th Section of the Act of June, 1845, (Hart. Dig. Art. 1628,) respecting the
    time within which actions should be commenced on certain judgments, had no
    reference to any judgments, except those rendered anterior to its passage.

Error  from  Guadalupe.   Tried below  before  the  Hon.
Thomas J. Devine.

The petition was filed April 23rd, 1855.   The demurrer was
special, on the grounds stated.

*J. J. Thornton,* for plaintiffs in error.

HEMPHILL, CH. J.   This suit was  brought by the  plaintiffs
in error on a judgment rendered in their favor against the de-
fendant in error by the District Court of the United States
for the Northern District of Mississippi in June, 1854, for the
sum of two thousand one hundred and  thirty-six  dollars and
twelve cents, together with the costs of suit.   An exemplifica-
of the judgment was made a part of the petition.   The defend-
ant demurred, on the  ground, 1st,  of  misdescription of the
judgment ; 2nd, that the  action was barred by the statute of
limitations.

The demurrer was sustained and the plaintiffs brought up the cause by writ of error.

There is nothing in either of the grounds of demurrer. The misdescription is presumed to have been in the date of the judgment, stated in the petition to have been the second of June, 1853, whereas it was on the seventh of June. This error was corrected by the exemplification, which was a part of the petition, and exhibited, doubtless, the true date. If it did not, the objection on the ground of variance, when the exemplification was offered in evidence might be taken, but it is no cause of exception that the date, as stated in the description, did not correspond precisely with the date shown by the copy of the judgment.

Nor is there more force in the objection on the ground of limitation. The provision referred to is doubtless the fourth Section of the Act of June, 1845, (Hart. Dig. Art. 1628 and 2399.) This has been construed in the cases of Harper v. Nichol, 13 Tex. R. 151, and Clay v. Clay, Id. 195, and it was held that the Section had no reference to any judgments except those rendered anterior to its passage. This is conclusive of the point in this cause, and it is ordered that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.